IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

|  |  |  |
|---|---|---|
| 2BCOM, LLC, | : | Case No.: |
|  | : |  |
|  | : | Hon. |
| Plaintiff, | : |  |
|  | : |  |
| v. | : | **JURY TRIAL DEMANDED** |
|  | : |  |
| FCA US LLC, and CHRYSLER CORPORATION. | : |  |
|  | : |  |
| Defendants. | : |  |
|  | : |  |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff 2BCom, LLC ("Plaintiff" or "2BCom") files this Complaint against Defendants FCA US LLC and Chrysler Corporation (collectively, "Defendants") for patent infringement and by and through its undersigned attorneys, hereby prays to this honorable Court for relief and remedy based on the following:

## NATURE OF THE CASE

1. This is an action for patent infringement arising under the patent laws of the United States, 2BCom holds the rights in U.S. Patent Nos. 6,831,444 ("the '444 patent"), 6,928,166 ("the '166 patent"), 7,127,210 ("the '210 patent"), 7,184,707 ("the '707 patent"), and 6,885,643 ("the '643 patent"). The United States patent laws grant the holder of a patent the right to exclude infringers from making, using, selling or importing the invention claimed in a patent, and to recover damages for the infringer's violations of these rights, and to recover treble damages where the infringer willingly infringed the patent. Under 35 U.S.C. § 282(a), the '444 patent, the '166 patent, the '210 patent, the '707 patent, and the '643 patent are entitled to a presumption of validity.

2BCom is suing Defendants for infringing its patent and doing so willfully.  2BCom seeks to recover damages from Defendants, including treble damages for willful infringement.

## THE PARTIES

2. 2BCom, LLC is a company, organized and existing under the laws of Delaware, having a place of business at 1603 Orrington Ave, Suite 600, Evanston, Illinois 60201.

3. Upon information and belief, Defendant FCA US LLC ("FCAUS") is a Delaware limited liability company with a principal place of business at 1000 Chrysler Dr., Auburn Hills, MI 48326.  FCAUS may be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware, 19801.

4. Upon information and belief, Chrysler Corporation is a Delaware corporation with a principal place of business at 1000 Chrysler Dr., Auburn Hills, MI 48326.

5. Upon information and belief, FCAUS is the exclusive manufacturer, importer and distributor of Chrysler, Fiat, Dodge, Jeep, Ram and Alfa Romeo branded vehicles. Upon information and belief, FCAUS manufactures and assembles, both in the United States and internationally, Chrysler, Dodge, Jeep, Fiat and Ram branded vehicles.

6. Upon information and belief, Defendants manufacture, import, and/or sell audio and multimedia integration systems which have been installed in Chrysler, Fiat, Doge, Jeep, Ram, and Alfa Romeo branded vehicles, including the "Uconnect" system ("Accused Products").

7. The Uconnect system is sold in at least the following vehicles: Chrysler 300, Chrysler Pacifica, Chrysler Pacifica Hybrid, Dodge Challenger, Dodge Charger, Dodge Durango, Dodge Journey, Dodge Grande Caravan, Fiat 500, Fiat 500L, Fiat 500e, Fiat 500X, Jeep Cherokee, Jeep Compass, Jeep Grand Cherokee, Jeep Renegade, Jeep Wrangler, Jeep Wrangler JK, Jeep Wrangler Unlimited JK, RAM 1500, RAM 1500 Classic, RAM 2500, RAM 3500, RAM Promaster, RAM Promaster City, and the RAM Chassis Cab.

## JURISDICTION

8. This is an action for patent infringement arising under the patent laws of the United States of America, more specifically under 35 U.S.C. § 100, *et seq.*, including 35 U.S.C. §271. Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1338.

9. The Court has personal jurisdiction over Defendants because Defendants, among other things, conduct business in, and avail themselves of the laws of the State of Michigan. Upon information and belief, Defendants have a principal place of business in this District. In addition, upon information and belief, Defendants through their own acts and/or through the acts of their affiliated companies (acting as its agents or alter egos) make, use, offer to sell, sell (directly or through intermediaries), import, license and/or supply, in this District and elsewhere in the United States, products, through regular distribution channels, knowing such products would be used, offered for sale and/or sold in this District. Plaintiff's cause of action arises directly from Defendants business contacts and other activities in the State of Michigan and in this District.

## VENUE

10. Venue properly lies within this judicial district and division, pursuant to 28 U.S.C. §§ 1391(b), (c), and (d), and 1400(b).

11. Upon information and belief, Defendants have a principal place of business in this District. Thus, Defendants reside in this District for the purposes of venue and have committed acts of infringement within this judicial District, does business in this District, and maintains a regular and established place of business in this District.

## INFRINGEMENT OF U.S. PATENT NO. 6,831,444

12. 2BCom incorporates by reference the allegations set forth in the preceding paragraphs.

13. On December 14, 2004, the '444 patent, entitled "External Storage Device And Remaining Battery Amount Notifying Method In The Same," was duly and lawfully issued based

upon an application filed by the inventors, Koichi Kobayashi and Kazunari Tanzawa.  A true and correct copy of the '444 Patent is attached hereto as Exhibit 1.

14. 2BCom is the assignee and the owner of all right, title and interest in and to the '444 patent and has the right to sue and recover damages for infringement thereof.

15. Upon information and belief, Defendants have been and continue to be engaged in making, using, importing, selling and/or offering for sale infringing products, including, but not limited to, the Accused Products in the United States generally, and in the Eastern District of Michigan specifically.  The Accused Products are available for retail purchase through the www.chrysler.com, www.fiatusa.com, www.dodge.com, www.jeep.com, www.ramtrucks.com, and www.alpharomeo.com websites, as well as Chrysler, Fiat, Dodge, Jeep, Ram and Alpha Romeo retailers in the United States.

16. Upon information and belief, by acts including, but not limited to use, making, importation, offers to sell, sales and marketing of products that fall within the scope of at least claim 1 of the '444 patent, Defendants have directly infringed literally and/or upon information and belief, equivalently, and are continuing to infringe the '444 patent and are thus liable to 2BCom pursuant to 35 U.S.C. § 271.

17. As a non-limiting example of Defendants' infringement of the '444 patent, set forth in Exhibit 6, is a preliminary claim chart showing Defendants' infringement of exemplary claim 1 of the '444 patent by the Uconnect system installed in the Chrysler Pacifica Hybrid vehicle.

18. Defendants have indirectly infringed and continue to infringe at least claim 1 of the '444 patent by inducement under 35 U.S.C. § 271(b).  Defendants have induced and continue to induce users and retailers of the Accused Products to directly infringe at least claim 1 of the '444 patent.

19. Upon information and belief, Defendants knowingly induced customers to use their Accused Products, including, for example, by promoting such products online (e.g., www.chrysler.com, www.fiatusa.com, www.dodge.com, www.jeep.com, www.ramtrucks.com,

and www.alpharomeo.com) and/or providing customers with instructions and/or manuals for using the Accused Products through websites such as https://www.driveuconnect.com.  Likewise, Defendants knowingly induced retailers to market and sell the Accused Products.

20. Defendants have each been on notice of the '444 patent and each defendant's respective infringement of the '444 patent, since, at least, the date of this Complaint.

21. Defendants' infringement of the '444 patent is without consent of, authority of, or license from 2BCom.

22. Upon information and belief, Defendants' infringement of the '444 patent is willful.  This action, therefore, is "exceptional" within the meaning of 35 U.S.C. § 285 entitling 2BCom to its attorneys' fees and expenses.

23. As a result of Defendants' acts of infringement, 2BCom has suffered and will continue to suffer damages in an amount to be proven at trial.

### INFRINGEMENT OF U.S. PATENT NO. 6,928,166

24. 2BCom incorporates by reference the allegations set forth in the preceding paragraphs.

25. On August 9, 2005 the '166 patent, entitled "Radio Communication Device And User Authentication Method For Use Therewith," was duly and lawfully issued based upon an application filed by the inventor Junichi Yoshizawa.  A true and correct copy of the '166 Patent is attached hereto as Exhibit 2.

26. 2BCom is the assignee and the owner of all right, title and interest in and to the '166 patent and has the right to sue and recover damages for infringement thereof.

27. Upon information and belief, Defendants have been and continue to be engaged in making, using, importing, selling and/or offering for sale infringing products, including, but not limited to, the Accused Products in the United States generally, and in the Eastern District of Michigan specifically.  The Accused Products are available for retail purchase through the www.chrysler.com, www.fiatusa.com, www.dodge.com, www.jeep.com, www.ramtrucks.com,

and www.alpharomeo.com websites, as well as Chrysler, Fiat, Dodge, Jeep, Ram and Alpha Romeo retailers in the United States.

28. Upon information and belief, by acts including, but not limited to use, making, importation, offers to sell, sales and marketing of products that fall within the scope of at least claim 1 of the '166 patent, Defendants have directly infringed literally and/or upon information and belief, equivalently, and are continuing to infringe the '166 patent and are thus liable to 2BCom pursuant to 35 U.S.C. § 271.

29. As a non-limiting example of Defendants' infringement of the '166 patent, set forth in Exhibit 7, is a preliminary claim chart showing Defendants' infringement of exemplary claim 1 of the '166 patent by the Uconnect system.

30. Defendants have indirectly infringed and continue to infringe at least claim 1 of the '166 patent by inducement under 35 U.S.C. 271(b). Defendants have induced and continue to induce users and retailers of the Accused Products to directly infringe at least claim 1 of the '166 patent.

31. Upon information and belief, Defendants knowingly induced customers to use their Accused Products, including, for example, by promoting such products online (e.g., www.chrysler.com, www.fiatusa.com, www.dodge.com, www.jeep.com, www.ramtrucks.com, and www.alpharomeo.com) and/or providing customers with instructions and/or manuals for using the Accused Products through websites such as https://www.driveuconnect.com. Likewise, Defendants knowingly induced retailers to market and sell the Accused Products.

32. Defendants have each been on notice of the '166 patent and each defendant's respective infringement of the '166 patent, since, at least, the date of this Complaint.

33. Defendants' infringement of the '166 patent is without consent of, authority of, or license from 2BCom.

34. Upon information and belief, Defendants' infringement of the '166 patent is willful. This action, therefore, is "exceptional" within the meaning of 35 U.S.C. § 285 entitling 2BCom to its attorneys' fees and expenses.

35. As a result of Defendants' acts of infringement, 2BCom has suffered and will continue to suffer damages in an amount to be proven at trial.

## INFRINGEMENT OF U.S. PATENT NO. 7,127,210

36. 2BCom incorporates by reference the allegations set forth in the preceding paragraphs.

37. On October 24, 2006 the '210 patent, entitled "Wireless Communication Apparatus," was duly and lawfully issued based upon an application filed by the inventor Kazunori Aoyagi. A true and correct copy of the '210 Patent is attached hereto as Exhibit 3.

38. 2BCom is the assignee and the owner of all right, title and interest in and to the '210 patent and has the right to sue and recover damages for infringement thereof.

39. Upon information and belief, Defendants have been and continue to be engaged in making, using, importing, selling and/or offering for sale infringing products, including, but not limited to, the Accused Products in the United States generally, and in the Eastern District of Michigan specifically. The Accused Products are available for retail purchase through the www.chrysler.com, www.fiatusa.com, www.dodge.com, www.jeep.com, www.ramtrucks.com, and www.alpharomeo.com websites, as well as Chrysler, Fiat, Dodge, Jeep, Ram and Alpha Romeo retailers in the United States.

40. Upon information and belief, by acts including, but not limited to use, making, importation, offers to sell, sales and marketing of products that fall within the scope of at least claim 20 of the '210 patent, Defendants have directly infringed literally and/or upon information and belief, equivalently, and are continuing to infringe the '210 patent and are thus liable to 2BCom pursuant to 35 U.S.C. § 271.

41. As a non-limiting example of Defendants' infringement of the '210 patent, set forth in Exhibit 8, is a preliminary claim chart showing Defendants' infringement of exemplary claim 20 of the '210 patent by the Uconnect system.

42. Defendants have indirectly infringed and continue to infringe at least claim 20 of the '210 patent by inducement under 35 U.S.C. 271(b). Defendants have induced and continue to induce users and retailers of the Accused Products to directly infringe at least claim 20 of the '210 patent.

43. Upon information and belief, Defendants knowingly induced customers to use their Accused Products, including, for example, by promoting such products online (e.g., www.chrysler.com, www.fiatusa.com, www.dodge.com, www.jeep.com, www.ramtrucks.com, and www.alpharomeo.com) and/or providing customers with instructions and/or manuals for using the Accused Products through websites such as https://www.driveuconnect.com. Likewise, Defendants knowingly induced retailers to market and sell the Accused Products.

44. Defendants have each been on notice of the '210 patent and each defendant's respective infringement of the '210 patent, since, at least, the date of this Complaint.

45. Defendants' infringement of the '210 patent is without consent of, authority of, or license from 2BCom.

46. Upon information and belief, Defendants' infringement of the '210 patent is willful. This action, therefore, is "exceptional" within the meaning of 35 U.S.C. § 285 entitling 2BCom to its attorneys' fees and expenses.

47. As a result of Defendants' acts of infringement, 2BCom has suffered and will continue to suffer damages in an amount to be proven at trial.

### INFRINGEMENT OF U.S. PATENT NO. 7,184,707

48. 2BCom incorporates by reference the allegations set forth in the preceding paragraphs.

49. On February 27, 2007 the '707 patent, entitled "Communication Device And A Method For Controlling The Communication Device," was duly and lawfully issued based upon an application filed by the inventors, Masahiro Tada, Ikuo Sako, and Koichi Yata. A true and correct copy of the '707 Patent is attached hereto as Exhibit 4.

50. 2BCom is the assignee and the owner of all right, title and interest in and to the '707 patent and has the right to sue and recover damages for infringement thereof.

51. Upon information and belief, Defendants have been and continue to be engaged in making, using, importing, selling and/or offering for sale infringing products, including, but not limited to, the Accused Products in the United States generally, and in the Eastern District of Michigan specifically. The Accused Products are available for retail purchase through the www.chrysler.com, www.fiatusa.com, www.dodge.com, www.jeep.com, www.ramtrucks.com, and www.alpharomeo.com websites, as well as Chrysler, Fiat, Dodge, Jeep, Ram and Alpha Romeo retailers in the United States.

52. Upon information and belief, by acts including, but not limited to use, making, importation, offers to sell, sales and marketing of products that fall within the scope of at least claim 1 of the '707 patent, Defendants have directly infringed literally and/or upon information and belief, equivalently, and are continuing to infringe the '707 patent and are thus liable to 2BCom pursuant to 35 U.S.C. § 271.

53. As a non-limiting example of Defendants' infringement of the '707 patent, set forth in Exhibit 9, is a preliminary claim chart showing Defendants' infringement of exemplary claim 1 of the '707 patent by the Uconnect system.

54. Defendants have indirectly infringed and continue to infringe at least claim 1 of the '707 patent by inducement under 35 U.S.C. § 271(b). Defendants have induced and continue to induce users and retailers of the Accused Products to directly infringe at least claim 1 of the '707 patent.

55. Upon information and belief, Defendants knowingly induced customers to use their Accused Products, including, for example, by promoting such products online (e.g., www.chrysler.com, www.fiatusa.com, www.dodge.com, www.jeep.com, www.ramtrucks.com, and www.alpharomeo.com) and/or providing customers with instructions and/or manuals for using the Accused Products through websites such as https://www.driveuconnect.com. Likewise, Defendants knowingly induced retailers to market and sell the Accused Products.

56. Defendants have each been on notice of the '707 patent and each defendant's respective infringement of the '707 patent, since, at least, the date of this Complaint.

57. Defendants' infringement of the '707 patent is without consent of, authority of, or license from 2BCom.

58. Upon information and belief, Defendants' infringement of the '707 patent is willful. This action, therefore, is "exceptional" within the meaning of 35 U.S.C. § 285 entitling 2BCom to its attorneys' fees and expenses.

59. As a result of Defendants' acts of infringement, 2BCom has suffered and will continue to suffer damages in an amount to be proven at trial.

**INFRINGEMENT OF U.S. PATENT NO. 6,885,643**

60. 2BCom incorporates by reference the allegations set forth in the preceding paragraphs.

61. On April 26, 2005 the '643 patent, entitled "Method And Device For Facilitating Efficient Data Transfer Via A Wireless Communication Network," was duly and lawfully issued based upon an application filed by the inventors, Keiichi Teramoto, Yoshiaki Takabatake, Junko Ami, and Kensaku Fujimoto. A true and correct copy of the '643 Patent is attached hereto as Exhibit 5.

62. 2BCom is the assignee and the owner of all right, title and interest in and to the '643 patent and has the right to sue and recover damages for infringement thereof.

63. Upon information and belief, Defendants have been and continue to be engaged in making, using, importing, selling and/or offering for sale infringing products, including, but not limited to, the Accused Products in the United States generally, and in the Eastern District of Michigan specifically. The Accused Products are available for retail purchase through the www.chrysler.com, www.fiatusa.com, www.dodge.com, www.jeep.com, www.ramtrucks.com, and www.alpharomeo.com websites, as well as Chrysler, Fiat, Dodge, Jeep, Ram and Alpha Romeo retailers in the United States.

64. Upon information and belief, by acts including, but not limited to use, making, importation, offers to sell, sales and marketing of products that fall within the scope of at least claim 1 of the '643 patent, Defendants have directly infringed literally and/or upon information and belief, equivalently, and are continuing to infringe the '643 patent and are thus liable to 2BCom pursuant to 35 U.S.C. § 271.

65. As a non-limiting example of Defendants' infringement of the '643 patent, set forth in Exhibit 10, is a preliminary claim chart showing Defendants' infringement of exemplary claim 1 of the '643 patent by the Uconnect system.

66. Defendants have indirectly infringed and continue to infringe at least claim 1 of the '643 patent by inducement under 35 U.S.C. 271(b). Defendants have induced and continue to induce users and retailers of the Accused Products to directly infringe at least claim 1 of the '643 patent.

67. Upon information and belief, Defendants knowingly induced customers to use their Accused Products, including, for example, by promoting such products online (e.g., www.chrysler.com, www.fiatusa.com, www.dodge.com, www.jeep.com, www.ramtrucks.com, and www.alpharomeo.com) and/or providing customers with instructions and/or manuals for using the Accused Products through websites such as https://www.driveuconnect.com. Likewise, Defendants knowingly induced retailers to market and sell the Accused Products.

68. Defendants have each been on notice of the '643 patent and each defendant's respective infringement of the '643 patent, since, at least, the date of this Complaint.

69. Defendants' infringement of the '643 patent is without consent of, authority of, or license from 2BCom.

70. Upon information and belief, Defendants' infringement of the '643 patent is willful. This action, therefore, is "exceptional" within the meaning of 35 U.S.C. § 285 entitling 2BCom to its attorneys' fees and expenses.

71. As a result of Defendants' acts of infringement, 2BCom has suffered and will continue to suffer damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, 2BCom requests this Court enter judgment as follows:

A. That the '444 patent, '166 patent, '210 patent, '707 patent, and the '643 patents are valid and enforceable;

B. That Defendants have directly and indirectly infringed at least claim 1 of the '444 patent, at least claim 1 of the '166 patent, at least claim 20 of the '210 patent, at least claim 1 of the '707 patent, and at least claim 1 of the '643 patent;

C. That such infringement is willful;

D. That Defendants account for and pay to 2BCom all damages pursuant to 35 U.S.C. § 284 to adequately compensate 2BCom for Defendants' infringement of the '444 patent, '166 patent, '210 patent, '707 patent, and the '643 patent, but in no event less than a reasonable royalty for the use made by Defendants of the invention set forth in the '444 patent, '166 patent, '210 patent, '707 patent, and the '643;

E. That 2BCom receives enhanced damages, in the form of treble damages, pursuant to 35 U.S.C. § 284;

F. That this is an exceptional case under 35 U.S.C. § 285;

   G. That Defendants pay 2BCom all of 2BCom's reasonable attorneys' fees and expenses pursuant to 35 U.S.C. § 285;

   H. That 2BCom be granted pre-judgment and post-judgment interest in accordance with 35 U.S.C. § 284 on the damages caused to it by reason of Defendants' infringement of the '444 patent, '166 patent, '210 patent, '707 patent, and the '643, including pre-judgment and post-judgment interest on any enhanced damages or attorneys' fees award;

   I. That costs be awarded in accordance with 35 U.S.C. § 284 to 2BCom; and

   J. That 2BCom be granted such other and further relief as the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

2BCom hereby demands a trial by jury on all issues so triable in this action.

Dated: January 6, 2020

            **YOUNG & ASSOCIATES, PC**

            By: */s/ Rodger D. Young*

              Rodger D. Young (P22652)
              Jaye Quadrozzi (P71646)
              27725 Stansbury Blvd., Suite 125
              Farmington Hills, MI 48334
              Tel: (248) 353-8620
              Email: efiling@youngpc.com

            ***ATTORNEYS FOR PLAINTIFF 2BCOM, LLC***