**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISRICT OF MICHIGAN**

| | |
|---|---|
| 2BCOM, LLC,<br><br>*Plaintiff,*<br>v.<br><br>FCA US LLC and CHRYSLER CORPORATION,<br><br>*Defendants.* | Civil Action No. 2:20-cv-10023-LVP-EAS<br><br>Judge Linda V. Parker<br><br>Magistrate Judge Elizabeth A. Stafford<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT FCA US LLC'S ANSWER AND DEFENSES TO COMPLAINT FOR PATENT INFRINGEMENT**

Defendant FCA US LLC ("FCA US") by and through the undersigned attorneys hereby responds by way of Answer and Defenses to the Complaint ("Complaint") of plaintiff 2BCom, LLC ("2BCom" or "Plaintiff"), as follows:

1. FCA US admits that 2BCom purports to present an action for patent infringement under the patent laws of the United States Code, and requests damages from Defendants, including treble damages for willful infringement. FCA US admits that under 35 U.S.C. § 282(a), issued patents are entitled to a presumption of validity, and denies the remaining allegations in this paragraph of the Complaint.

## THE PARTIES

2. FCA US is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and therefore denies those allegations.

3. FCA US admits the allegations of this paragraph.

4. FCA US denies the allegations of this paragraph.

5. FCA US admits that it sells Chrysler, Fiat, Dodge, Jeep, Ram, and Alfa Romeo branded vehicles in the United States, and that it manufactures or has manufactured Chrysler, Dodge, Jeep, Fiat and Ram branded vehicles. FCA US denies the remaining allegations of this paragraph.

6. FCA US admits that certain Chrysler, Fiat, Dodge, Jeep, Ram, and Alfa Romeo branded vehicles manufactured, imported, and/or sold by FCA US include the Uconnect multimedia system. FCA US denies the remaining allegations of this paragraph.

7. FCA US admits the that certain Chrysler 300, Chrysler Pacifica, Chrysler Pacifica Hybrid, Dodge Challenger, Dodge Charger, Dodge Durango, Dodge Journey, Dodge Grande Caravan, Fiat 500, Fiat 500L, Fiat 500e, Fiat 500X, Jeep Cherokee, Jeep Compass, Jeep Grand Cherokee, Jeep Renegade, Jeep Wrangler, Jeep Wrangler JK, Jeep Wrangler Unlimited JK, RAM 1500, RAM 1500 Classic, RAM 2500, RAM 3500, RAM Promaster, RAM Promaster City, and RAM

Chassis Cab vehicles include the Uconnect multimedia system.

## JURISDICTION

8. To the extent the allegations require a response, FCA US admits that the Complaint purports to put forth an action for patent infringement, and this Court has subject matter jurisdiction for civil actions for patent infringement pursuant to U.S.C. §§ 1331 and 1338(a), and denies any remaining allegations in this paragraph of the Complaint.

9. FCA US admits that this Court has personal jurisdiction over it, that it conducts business in Michigan, and has a principal place of business in this District. FCA US admits that certain of its products are sold in this District. FCA US admits that the present action purports to arise under the patent laws of the United States. FCA US denies the remaining allegations in this paragraph of the Complaint.

## VENUE

10. FCA US admits that venue is proper in this District.

11. FCA US admits that it has a principal place of business in this District, does business in this District, maintains a regular and established place of business in this District, and is a resident of this District for the purposes of venue. FCA US denies the remaining allegations in this paragraph of the Complaint.

## INFRINGEMENT OF UNITED STATES PATENT NO. 6,831,444

12. FCA US references and incorporates by reference all of the preceding

paragraphs of this Answer.

13. FCA US admits that a copy of U.S. Patent No. 6,831,444 ("the '444 patent") is attached to the Complaint as Exhibit 1. FCA US is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the Complaint and therefore denies those allegations.

14. FCA US is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and therefore denies those allegations.

15. FCA US admits that it sells Chrysler, Fiat, Dodge, Jeep, Ram, and Alfa Romeo branded vehicles that include the Uconnect multimedia system, and that Chrysler, Fiat, Dodge, Jeep, Ram, and Alfa Romeo branded vehicles are available for purchase at Chrysler, Fiat, Dodge, Jeep, Ram and Alpha Romeo dealerships in the United States. FCA US denies the remaining allegations of this paragraph.

16. FCA US denies the allegations of this paragraph.

17. FCA US admits that what 2Bom characterizes as a preliminary claim chart of allegations relating to the '444 Patent is attached to the Complaint as Exhibit 6. FCA US denies the remaining allegations of this paragraph, and specifically denies that the claim charts show infringement.

18. FCA US denies the allegations of this paragraph.

19. FCA US denies the allegations of this paragraph.

20. FCA US admits that it became aware of the '444 patent as of the date of the filing of the Complaint, and denies the remaining allegations of this paragraph.

21. FCA US denies the allegations of this paragraph.

22. FCA US denies the allegations of this paragraph.

23. FCA US denies the allegations of this paragraph.

**INFRINGEMENT OF UNITED STATES PATENT NO. 6,928,166**

24. FCA US references and incorporates by reference all of the preceding paragraphs of this Answer.

25. FCA US admits that a copy of U.S. Patent No. 928,166 ("the '166 patent") is attached to the Complaint as Exhibit 2. FCA US is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the Complaint and therefore denies those allegations.

26. FCA US is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and therefore denies those allegations.

27. FCA US admits that it sells Chrysler, Fiat, Dodge, Jeep, Ram, and Alfa Romeo branded vehicles that include the Uconnect multimedia system, and that Chrysler, Fiat, Dodge, Jeep, Ram, and Alfa Romeo branded vehicles are available for purchase at Chrysler, Fiat, Dodge, Jeep, Ram and Alpha Romeo dealerships in the United States. FCA US denies the remaining allegations of this paragraph.

28. FCA US denies the allegations of this paragraph.

29. FCA US admits that what 2BCom characterizes as a preliminary claim chart of allegations relating to the ‘166 Patent is attached to the Complaint as Exhibit 7. FCA US denies the remaining allegations of this paragraph, and specifically denies that the claim charts show infringement.

30. FCA US denies the allegations of this paragraph.

31. FCA US denies the allegations of this paragraph.

32. FCA US admits that it became aware of the ‘166 patent as of the date of the filing of the Complaint, and denies the remaining allegations of this paragraph.

33. FCA US denies the allegations of this paragraph.

34. FCA US denies the allegations of this paragraph.

35. FCA US denies the allegations of this paragraph.

**INFRINGEMENT OF UNITED STATES PATENT NO. 7,127,210**

36. FCA US references and incorporates by reference all of the preceding paragraphs of this Answer.

37. FCA US admits that a copy of U.S. Patent No. 7,127,210 (“the ‘210 patent”) is attached to the Complaint as Exhibit 3. FCA US is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the Complaint and therefore denies those allegations.

38. FCA US is without knowledge or information sufficient to form a belief

as to the truth of the allegations in this paragraph of the Complaint and therefore denies those allegations.

39. FCA US admits that it sells Chrysler, Fiat, Dodge, Jeep, Ram, and Alfa Romeo branded vehicles that include the Uconnect multimedia system, and that Chrysler, Fiat, Dodge, Jeep, Ram, and Alfa Romeo branded vehicles are available for purchase at Chrysler, Fiat, Dodge, Jeep, Ram and Alpha Romeo dealerships in the United States. FCA US denies the remaining allegations of this paragraph.

40. FCA US denies the allegations of this paragraph.

41. FCA US admits that what 2BCom characterizes as a preliminary claim chart of allegations relating to the ‘210 Patent is attached to the Complaint as Exhibit 8. FCA US denies the remaining allegations of this paragraph, and specifically denies that the claim charts show infringement.

42. FCA US denies the allegations of this paragraph.

43. FCA US denies the allegations of this paragraph.

44. FCA US admits that it became aware of the ‘210 patent as of the date of the filing of the Complaint, and denies the remaining allegations of this paragraph.

45. FCA US denies the allegations of this paragraph.

46. FCA US denies the allegations of this paragraph.

47. FCA US denies the allegations of this paragraph.

**INFRINGEMENT OF UNITED STATES PATENT NO. 7,184,707**

48. FCA US references and incorporates by reference all of the preceding paragraphs of this Answer.

49. FCA US admits that a copy of U.S. Patent No. 7,184,707 ("the '707 patent") is attached to the Complaint as Exhibit 4. FCA US is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the Complaint and therefore denies those allegations.

50. FCA US is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and therefore denies those allegations.

51. FCA US admits that it sells Chrysler, Fiat, Dodge, Jeep, Ram, and Alfa Romeo branded vehicles that include the Uconnect multimedia system, and that Chrysler, Fiat, Dodge, Jeep, Ram, and Alfa Romeo branded vehicles are available for purchase at Chrysler, Fiat, Dodge, Jeep, Ram and Alpha Romeo dealerships in the United States. FCA US denies the remaining allegations of this paragraph.

52. FCA US denies the allegations of this paragraph.

53. FCA US admits that what 2BCom characterizes as a preliminary claim chart of allegations relating to the '707 Patent is attached to the Complaint as Exhibit 9. FCA US denies the remaining allegations of this paragraph, and specifically denies that the claim charts show infringement.

54. FCA US denies the allegations of this paragraph.

55. FCA US denies the allegations of this paragraph.

56. FCA US admits that it became aware of the ‘707 patent as of the date of the filing of the Complaint, and denies the remaining allegations of this paragraph.

57. FCA US denies the allegations of this paragraph.

58. FCA US denies the allegations of this paragraph.

59. FCA US denies the allegations of this paragraph.

**INFRINGEMENT OF UNITED STATES PATENT NO. 6,885,643**

60. FCA US references and incorporates by reference all of the preceding paragraphs of this Answer.

61. FCA US admits that a copy of U.S. Patent No. 6,885,643 (“the ‘643 patent”) is attached to the Complaint as Exhibit 5. FCA US is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the Complaint and therefore denies those allegations.

62. FCA US is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and therefore denies those allegations.

63. FCA US admits that it sells Chrysler, Fiat, Dodge, Jeep, Ram, and Alfa Romeo branded vehicles that include the Uconnect multimedia system, and that Chrysler, Fiat, Dodge, Jeep, Ram, and Alfa Romeo branded vehicles are available

for purchase at Chrysler, Fiat, Dodge, Jeep, Ram and Alpha Romeo dealerships in the United States. FCA US denies the remaining allegations of this paragraph.

64. FCA US denies the allegations of this paragraph.

65. FCA US admits that what 2BCom characterizes as a preliminary claim chart of allegations relating to the '643 Patent is attached to the Complaint as Exhibit 10. FCA US denies the remaining allegations of this paragraph, and specifically denies that the claim charts show infringement.

66. FCA US denies the allegations of this paragraph.

67. FCA US denies the allegations of this paragraph.

68. FCA US admits that it became aware of the '643 patent as of the date of the filing of the Complaint, and denies the remaining allegations of this paragraph.

69. FCA US denies the allegations of this paragraph.

70. FCA US denies the allegations of this paragraph.

71. FCA US denies the allegations of this paragraph.

## PRAYER FOR RELIEF

FCA US denies that 2BCom is entitled to any of the relief requested in paragraphs (A) through (J) of its Prayer for Relief or to any relief in any form whatsoever from FCA US.

## DEFENSES

72. FCA US asserts the following defenses and in asserting such defenses

does not concede that it bears the burden of proof as to any of them. Discovery has not yet begun, and FCA US has not yet collected and reviewed all of the information and materials that may be relevant to the matters and issues raised herein. Accordingly, FCA US reserves the right to amend, modify, or expand these defenses and to take further positions as discovery proceeds in this case.

**FIRST DEFENSE: INVALIDITY**

73. One or more of the claims of the '444 patent, '166 patent, '210 patent, '707 patent, and the '643 patents (collectively, "the Asserted Patents") are invalid for failure to satisfy the requirements of patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

**SECOND DEFENSE: NON-INFRINGEMENT**

74. FCA US has not made, used, sold, offered for sale, and/or imported in or into the United States any system, product, or process that practices any claim in the Asserted Patents, either literally or under the doctrine of equivalents.

75. FCA US has not actively induced or contributed to the infringement of another under 35 U.S.C. §§ 271(b)-(c). FCA US has not induced infringement nor contributed to the infringement of another because, at a minimum, FCA US lacked the requisite state of mind and has not actively and knowingly aided or abetted the direct infringement of another.

76. FCA US has not willfully infringed any claim of the Asserted Patents.

**THIRD DEFENSE: LICENSE AND/OR PATENT EXHAUSTION**

77. To the extent that one or more of FCA US's suppliers hold a license or other rights to the Asserted Patents and supplies licensed components and/or parts for assembly of or assembly into the accused products, 2BCom's claims would be barred.

**FOURTH DEFENSE: MARKING AND NOTICE**

78. To the extent that 2BCom and/or any licensee of the Asserted Patents had an obligation and failed to mark products that fall within the claims of the Asserted Patents, 2BCom's claims against FCA US would be barred, in whole or in part, in accordance with 35 U.S.C. § 287.

**FIFTH DEFENSE: FAILURE TO STATE A CLAIM**

79. 2BCom fails to state a claim against FCA US upon which relief can be granted.

80. FCA US cannot be liable for indirect infringement before its receipt of the Complaint, filed on January 6, 2020, at least because FCA US did not have notice of the Asserted Patents before that time. FCA US cannot be liable for indirect infringement after its receipt of the Complaint, filed on January 6, 2020, at least because the Complaint does not put FCA US on sufficient notice of any alleged infringement.

81. To the extent 2BCom alleges that FCA US has indirectly infringed

and/or continues to indirectly infringe the Asserted Patents under 35 U.S.C. §§ 271(b),(c), 2BCom has failed to plead any facts that, if true, could render FCA US liable for indirect patent infringement.

82. FCA US cannot be liable for willful infringement before receipt of the Complaint because FCA US did not have notice of the Asserted Patents before that time. FCA US cannot be liable for willful infringement after its receipt of the Complaint, at least because the Complaint does not put FCA US on sufficient notice of any alleged infringement.

83. To the extent 2BCom alleges that FCA US has willfully infringed and/or continues to willfully infringe the Asserted Patents, 2BCom has failed to plead any facts that, if true, could render FCA US liable for willful patent infringement.

**SIXTH DEFENSE: PROSECUTION HISTORY ESTOPPEL**

84. 2BCom's claims for relief are barred, in whole or in part, by prosecution history estoppel based on statements, representations, and admissions made during the prosecution before the U.S. Patent Office of the patent applications that led to the Asserted Patents.

**SEVENTH DEFENSE: WAIVER, ESTOPPEL, AND UNCLEAN HANDS**

85. 2BCom's claims against FCA US are barred, in whole or in part, by one or more of the equitable doctrines of waiver, estoppel, and unclean hands because of

2BCom's unreasonable and inexcusable delay in filing this litigation and/or its intervening actions both during prosecution of the Asserted Patents and between issuance of the Asserted Patents and the date of the filing of the Complaint.

86. Despite that FCA US and its predecessors have sold and publicly marketed the accused functionality for several years, 2BCom made no assertion of any claim against FCA US until, at the earliest, FCA US received the Complaint.

87. FCA US has been materially prejudiced by 2BCom's delay in bringing its claim at least because the passage of so much time has potentially led to the loss of evidence that FCA US could use in defending itself against 2BCom's claims.

## EIGHTH DEFENSE: LIMIT ON DAMAGES

88. 2BCom's claims for damages, if any, against FCA US for alleged infringement of the Asserted Patents are limited by 35 U.S.C. §§ 286 and/or 288.

## PRAYER FOR RELIEF

FCA US denies any and all allegations contained in the remainder of the Complaint and denies that 2BCom is entitled to any of the relief requested in paragraphs (A) through (J) of its Prayer for Relief or to any relief in any form whatsoever from FCA US. FCA US respectfully requests that the Court:

A. Dismiss 2BCom's Complaint with prejudice, and that 2BCom take nothing by way of its Complaint;

B. Determine that 2BCom is not entitled to any of its requested relief, or

any relief whatsoever;

C. Award FCA US its costs and disbursements in this action;

D. Declare this case exceptional pursuant to 35 U.S.C. § 285 and award FCA US its reasonable attorneys' fees and costs in this action; and

E. Grant FCA US such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

In accordance with Rule 38 of the Federal Rules of Civil Procedure FCA US respectfully demands a jury trial of all issues triable to a jury in this action.

Dated: May 20, 2020

Respectfully Submitted,

*/s/ Patrick G. Seyferth*

Patrick G. Seyferth (P47575)
Susan M. McKeever (P73533)
BUSH SEYFERTH PLLC
100 W. Big Beaver Road, Suite 400
Troy, MI 48084
Telephone/Facsimile: (248) 822-7800

Frank C. Cimino, Jr.
Megan S. Woodworth
Jonathan L. Falkler
Leslie A. Lee
VENABLE LLP
600 Massachusetts Avenue, NW
Washington, DC 20001
(202) 344-4569
FCCimino@Venable.com
MSWoodworth@Venable.com
JLFalkler@Venable.com
LALee@Venable.com

*Attorneys for FCA US LLC*